NEW-YORK,
May, 1821.

OPPIE
v.
COLEGROVE.

---

OPPIE against COLEGROVE.

On filing an assignment of errors, the course, is for the plaintiff in error to enter a rule, that the defendant in error join in error, in twenty days after service of notice of the rule, or

*NELSON*, for the defendant, moved to set aside the default entered in this cause, and all subsequent proceedings, for irregularity. On filing an assignment of errors, in the cause, on the 18th of *September*, 1819, the plaintiff in error entered a rule, that the defendant join in error in twenty days, after service of a copy of the assign-

that his default be entered ; and, upon such default, to enter a rule for judgment of reversal.

ment of errors, and notice of the rule, or judgment, &c. The copy of the assignment of errors, with a notice of the rule endorsed thereon, was served on the defendant, on the 27th of *September.* On the 19th of *October,* the default of the defendant for not joining in error was entered ; and on the 27th of *October* following, a rule for a judgment of reversal was entered.

On the 26th of *October, Nelson* gave notice of a retainer for the defendant. *Nelson* said, that the rule should have been, that the defendant join in error, in twenty days, &c. or that the plaintiff in error be heard *ex parte.* He cited *Sealy* v. *Shattuck,* (2 *Johns. Cases,* 69. *October* term, 1800.)

He said, that service of a notice of the rule was sufficient, without the assignment of errors. (8 *Johns. Rep.* 360.)

*Todd,* contra.

*Per Curiam.* It is true, that as late as the case of *Sealy* v. *Shattuck,* it was the practice to enter a rule, that the defendant in error join in error, or that the plaintiff in error be heard *ex parte;* and such is the practice of the *English* Courts. But, we believe, that the practice, for the last twenty years, has been different; and, as was done in this case, to enter a rule, that the defendant join in error in twenty days, or that his default be entered ; and upon such default, to enter a rule for judgment of reversal. This mode of proceeding, being the most conformable to the usual practice of the Court, and the most convenient, we think that it ought to be pursued, and, therefore, deny the motion.

Motion denied.